```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division


AEROTEK, INC.,                  )
                                )
     Plaintiff,                 )
                                )
         v.                     )    1:05cv1080 (JCC)
                                )
TYONEK NATIVE CORPORATION,      )
TYONEK MANUFACTURING, LLC,      )
                                )
     Defendants.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion for Reconsideration, Leave to Add Defendant, and Leave to Amend the Complaint. For the reasons stated below, the Court will grant Plaintiff's Motion.

### **I. Background**

Plaintiff, Aerotek, Inc. ("Aerotek"), is a recruiting and staffing firm serving commercial and government customers. Defendants Tyonek Native Corporation ("Tyonek") and Tyonek Manufacturing LLC ("TMLLC") (collectively "TNC") provide defense manufacturing, aircraft logistics, and other services to government agencies. TNC participates in the United States Small Business Administration's 8(a) Business Development program and therefore is eligible to receive sole-source contracts from the United States government.

Aerotek provided aircraft maintenance services to Navy divisions from 2001 to 2004.  The Aerotek employees performing such services signed an Employment Agreement preventing them from working for another company at the same Navy facility for a period of six months after leaving Aerotek's employment.

In August of 2004, Aerotek and, as alleged in the amended complaint, Tyonek entered into a "Teaming Agreement" for the purposes of jointly pursuing federal government contract opportunities.  When the Navy became interested in hiring small businesses in 2004, Aerotek suggested Tyonek's services.  On November 30, 2004, the Navy hired Tyonek on a short-term basis so that it could supervise it for the possibility of longer employment.  Aerotek alleges that this short-term purchase order was made with the understanding that Aerotek would continue to perform the required services via subcontract.  Aerotek provided such services at the Navy facilities, under subcontract to TMLLC, through December 2004.

In January 2005, the Navy awarded TMLLC a longer-term letter contract - a written preliminary contract that allows for services to begin while specific terms and conditions are still under negotiation.  When the Navy requested that TMLLC actually employ the persons responsible for executing TMLLC's contractual obligations, Tyonek and Aerotek agreed that Aerotek would transfer seventy-two employees to TMLLC's payroll, rather than

simply leasing the employees to TMLLC.  Aerotek claims it agreed to this transfer because it expected to continue performing as a subcontractor for the balance of TMLLC's contract term.

In response to TNC's negotiations with the Navy in July of 2005, TNC and Aerotek's relationship began to erode.  TNC allegedly proposed to significantly reduce the amount of compensation that Aerotek would receive under the contract and demanded for the first time a Certificate of Current Cost or Pricing Data.  In early August, TNC requested that Aerotek submit its final proposal for the Navy contract, and upon submission, TNC allegedly declared the end to negotiations and ordered that Aerotek stop performing work under the Navy contract.  This letter was printed on Tynoek stationery signed by the "President" of "Tyonek Solutions," also known as TMLLC.  TNC distributed employment applications to the Aerotek employees working under the Navy contract and allegedly instructed that they should report the following work-day as TMLLC employees or else they would lose their jobs.

Plaintiff filed a Complaint on September 13, 2005.  It asserted six counts: breach of express contract, breach of implied-in-fact contract, tortious interference with contract rights and contract expectancy, tortious interference with prospective economic advantage, unjust enrichment, and quantum meruit.  On October 10, 2005, Defendants filed a motion to

dismiss Counts I, III, IV, and V of the Complaint as to Tyonek, and all of the counts as to TMLLC.  On December 8, 2005, this Court denied the motion to dismiss as to Tynoek, but granted the Motion to Dismiss for all the counts as to TMLLC.  Tynoek then answered the Complaint on December 20, 2005.  On March 23, 2006, Plaintiff filed a Motion for reconsideration of the December 8, 2005 Order, for leave to add a defendant, and for leave to amend the Complaint.[1]  This Motion is currently before the Court.

## II. Standard of Review

A party may amend its complaint after a responsive pleading has been served "only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Rule 15 of the Federal Rules of Civil Procedure directs that "leave shall be freely given when justice so requires."  *Id.*  Leave to amend will be denied "'*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (articulating

---

[1] Although the Motion is styled as one for reconsideration, leave to add a defendant, and leave to amend, the Plaintiff argues the Motion completely through the lens of one for leave to amend.  The facts of the current Motion have changed since the Court made its December 8, 2005 determination, so there is nothing to reconsider about the previous Order.  Furthermore, the standard for granting leave to amend is the only one used in Plaintiff's analysis, and therefore this Court will review this Motion as one for leave to amend.

general standard that amendment be permitted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . ."); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (noting that general policy favoring resolution of cases on their merits requires district courts to limit denying amendments to instances in which prejudice, futility, or bad faith exist "'since only these truly relate to protection of the judicial system or other litigants'") (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

### III. Analysis

Plaintiff submits this Motion for leave to amend the Complaint to re-include Defendant TMLLC and correct the factual assertions as necessary based on the findings made in document discovery and the deposition of TMLLC's Rule 30(b)(6) designee. Plaintiff asserts that the amended complaint makes clear that TMLLC is an appropriate defendant, both in concert with Tyonek and standing alone.  In the December 8, 2005 Order, TMLLC was dismissed completely because any liability would be based on a theory of piercing the corporate veil, and Plaintiff's allegations did not establish the facts necessary to do so.

The newly discovered documents that Plaintiff relies upon to make these new assertions are the organizational chart showing the relationship of various TNC entities and the deposition testimony of Scott Pfeifer, TMLLC's Rule 30(b)(6) designee.  As a result, Plaintiff submits an amended complaint with the same six claims as the original complaint, along with one additional claim.  Count I, breach of express contract, remains against Tyonek alone.  Count II, breach of express or implied-in-fact subcontract, now is against TMLLC alone.  Count III, tortious interference with contract rights and contract expectancy, is against Tyonek and TMLLC, as is Count IV, tortious interference with prospective economic advantage.  Counts V, unjust enrichment, and VI, quantum meruit, are now solely against TMLLC.  The additional claim, Count VII, misappropriation of business opportunity, is against Tyonek and TMLLC.

Defendant Tyonek, the only current defendant in this case, responds to this Motion almost as if it were its own motion for summary judgment rather than a response to a motion for leave to amend.  Tyonek allocates all but a few paragraphs of its motion to articulating why Tyonek should not be a party to this litigation.  This is not the forum, however, for raising these arguments; the present question is whether including TMLLC as a party in the manner in which Aerotek is proposing should be allowed by this Court.  Tyonek's insistence that it is not a

proper party, and the implied suggestion that TMLLC is, supports Aerotek's request to add TMLLC as a defendant and to amend the complaint.

Tyonek's only relevant argument to the present motion is that discovery is coming to a close and that adding TMLLC as a defendant would extend discovery and cause it prejudice. While continuing discovery inevitably burdens the participating parties, this reason alone is not enough to ignore the charge that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Allowing this matter to progress as one case rather than requiring Plaintiff to file a separate case against TMLLC is especially warranted in light of the allegations that the defendants worked in concert with each other. The Court will allow Plaintiff to amend the complaint and add a defendant given the interests of judicial economy and justice and the absence of any compelling reason to preclude the Plaintiff from doing so.

## IV. Conclusion

For the reasons stated above, the Court will grant Plaintiff's Motion for Leave to Amend the Complaint and Leave to Add a Defendant. An appropriate Order will issue.

April _12, 2006             _____/s/_____
                                    James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE